UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION


ROSS MACKILLOP,

       Plaintiff,

v.                                    CASE NO.: 09-cv-1939-T-23TBM

PARLIAMENT COACH CORPORATION,
BLUE BIRD BODY COMPANY, and
BLUE BIRD CORPORATION,

       Defendants.

_____/


**<u>ORDER</u>**

      The plaintiff sued (Doc. 2) in state court to recover damages for an alleged breach

of warranty and deceptive trade practice in connection with the plaintiff's purchase of a

recreational vehicle ("RV") from the defendants.  The plaintiff brings each claim under

the Florida Deceptive and Unfair Trade Practices Act, Sections 501.201-.976, Florida

Statutes ("DUTPA").  The defendants remove (Doc. 1) based on the plaintiff's allegation

in count three of the complaint, which is brought under Fla. Stat. § 501.976(6)-(8) and

relies on the definition of "full warranty" in the Magnuson-Moss Warranty Act, 15 U.S.C.

§ 2301.  Specifically, count three alleges that the defendants violated state law by

misrepresenting the nature of the warranty on the RV and purporting to offer a full

warranty, although offering only a limited warranty (Doc. 2, ¶¶ 35-56).  Count three,

therefore, relies on the definition of a full warranty under federal law for the allegation

that the defendants failed to tender a full warranty (Doc. 2, ¶ 46).  The plaintiff moves

(Doc. 4) for remand and an award of attorney's fees and costs pursuant to 28 U.S.C. § 1447(c).

Whether a claim "arises under" federal law is governed by the "well-pleaded complaint rule," which provides that federal jurisdiction exists only if a federal question is presented on the face of the plaintiff's properly pleaded complaint. Holmes Group, Inc. v. Vornado Air Circulation Systems, Inc., 535 U.S. 826 (2002). "The plaintiff [is] the master of the claim; he or she may avoid federal jurisdiction by exclusive reliance on state law," even if a federal claim is also available. Caterpillar, Inc. v. Williams, 482 U.S. 386, 392 (1987). Federal question jurisdiction may exist and support removal "'if a substantial, disputed question of federal law is a necessary element of a state cause of action.'" Salav v. Boyland Auto Orlando, LLC, 2008 WL 254127, *4 (M.D. Fla. 2008) (Fawsett, J.) (quoting Jairath v. Dyer, 154 F.3d 1280, 1282 (11th Cir. 1998)); Haun v. Don Mealy Imports, Inc., 285 F. Supp. 2d 1297, 1307 (M.D. Fla. 2003) (Sharp, J.).

However, "the mere presence of a federal issue in a state cause of action does not automatically confer federal-question jurisdiction." Merrell Dow Pharms., Inc. v. Thompson, 478 U.S. 804, 813 (1986). In a limited number of cases, federal question jurisdiction exists, "if a plaintiff's 'claim will be supported if the federal law is given one construction or effect and defeated if [the federal law] is given another [construction or effect].'" Generally, however, no federal question jurisdiction exists if federal law "'is merely set up by the state as a criterion by which to decide a state law question.'" 2008 WL 254127 at *4 (quoting Mobil Oil Corp. v. Coastal Petroleum Co., 671 F.2d 419, 422 (11th Cir. 1982)). Thus, "[t]he fact that part of the state statutory scheme requires some

analysis of federal law . . . is insufficient to invoke federal jurisdiction." Hill v. Marston, 13 F.3d 1548, 1550 (11th Cir. 1994) (declining to find federal jurisdiction based on the state statutory section that incorporated a portion of the Securities Exchange Act of 1933 because the complaint contained "no express allegation" that the defendant violated federal securities law); Cook v. Chrysler Credit Corp., 174 B.R. 321, 325-26 (M.D. Ala. 1994).

In Salav, the plaintiff alleged a violation of Florida's Motor Vehicle Retail Sales Finance Act, Sections 520.01-.13, Florida Statutes, which provides that a contract satisfies Florida law if the contract complies with federal law. Essentially, the plaintiff alleged violations of state law based on the defendant's failure to comply with a federal requirement incorporated into state law. No independent basis for federal question jurisdiction existed because the allegation "merely require[d] applying . . . federal standards to determine if state law was violated" and fell short of requiring the state court to interpret federal law.

In contrast, the plaintiff in Haun sought equitable relief based on an alleged violation of DUTPA. See Fla. Stat. § 501.976(6) (describing an unfair or deceptive practice as selling a vehicle without "fully and conspicuously disclosing . . . any warranty . . . terms, obligations, or conditions . . . .); §501.211(1) (permitting an action for declaratory or injunctive relief). After removal, the defendant moved to dismiss the complaint. Even though the plaintiff brought the claim under state law, a basis for federal question jurisdiction was found because Section 501.976 of DUPTA

incorporates a standard from the Magnuson-Moss Warranty Act.[1]  No further analysis

ensued because the facts underlying the claim failed to state a claim for relief.

More persuasive in this action, however, is the finding in <u>Hill</u> and <u>Salay</u>.  <u>See</u> <u>also</u>

<u>Frishkorn v. Lake County Chrysler, Inc.</u>, 2006 WL 2970236, *2 (N.D. Ohio 2006) ("A

complaint's fleeting reference to federal law-either to provide the applicable standard of

care or additional evidence of a state law violation-does not create a federal question.");

<u>Greene v. General Motors Corp.</u>, 261 F. Supp. 2d 414, 418 (W.D. N.C. 2003); <u>Kravitz v.</u>

<u>Homeowners Warranty Corp.</u>, 542 F. Supp. 317, 319 (E.D. Pa. 1982).  Even though the

federal standard incorporated into DUTPA requires an analysis of federal law, no

substantial question of federal law exists.  <u>See</u> <u>Hill</u>, 13 F.3d at 1550.  The express

purpose of DUTPA is "[t]o make state consumer protection and enforcement consistent

with established policies of federal law relating to consumer protection."  Fla. Stat. §

501.202(3).  Accordingly, the plaintiff had the option of obtaining relief under the

Magnuson-Moss Warranty Act or DUTPA and chose to bring a claim under state law.

No federal jurisdiction exists by virtue of the plaintiff's bringing a claim under a section of

DUTPA that incorporates a federal standard.

Conclusion

Accordingly, the plaintiff's motion for remand (Doc. 4) is **GRANTED IN PART**.

Pursuant to 28 U.S.C. § 1447(c), this case is **REMANDED** for lack of subject matter

jurisdiction.  The Clerk is directed to (1) mail a certified copy of this order, pursuant to 28

---

[1]Specifically, Section 501.976, Florida Statutes, provides that "[i]f the dealer intends to disclaim or limit any expressed or implied warranty, the disclaimer must be in writing in a conspicuous manner and in lay terms in accordance with chapter 672 and the Magnuson-Moss Warrany . . . Act."

U.S.C. § 1447(c), to the Clerk of the Circuit Court for Pinellas County, (2) terminate any pending motion, and (3) close the case. The plaintiff's request for attorney's fees and costs is **DENIED** because the defendants possessed, based on Haun, 285 F. Supp. 2d at 1307, an objectively reasonable basis for removal. See Martin v. Franklin Capital Corp., 546 U.S. 132, 141 (2005).

ORDERED in Tampa, Florida, on October 21, 2009.

STEVEN D. MERRYDAY
UNITED STATES DISTRICT JUDGE